IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BETTY BAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:22-cv-03082-MDH |
| ) | |
| MISSOURI EAGLE, LLC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 18). The motion is fully briefed and ripe for review. For the reasons set forth herein, the Motion is denied.

## BACKGROUND

Plaintiff's lawsuit brings claims alleging discrimination in employment based on her sex and retaliation for complaining about alleged discrimination in violation of Title VII and the Missouri Human Rights Act ("MHRA"). Plaintiff states she was Defendant's employee for over 27 years and had the experience, knowledge, and qualifications to be considered for the position of general manager. Plaintiff also contends that she had knowledge of, voiced opposition to, and participated in an investigation of sexual harassment by Mr. Brown against another female employee of Defendant. Plaintiff also voiced opposition to differential treatment of female employees by the Defendant. Plaintiff claims she was more qualified than a male employee who was given the general manager position and that she was denied that opportunity based on her protected activity. Plaintiff states she was also denied the promotion and opportunity based on her gender and her participation in the sexual harassment investigation.

1

Count I is a claim pursuant to Title VII for discrimination and retaliation. Count II is a claim under the MHRA for discrimination and retaliation. Defendant moves for partial dismissal of Count I and complete dismissal of Count II for failure to state a claim upon which relief can be granted. Specifically, Defendant argues Plaintiff's allegations under Title VII, other than the alleged failure to promote, should be dismissed because those alleged acts do not rise to the level of adverse employment actions. Defendant seeks complete dismissal of Count II arguing Plaintiff does not identify any specific acts that would constitute discrimination or retaliation and that any claims under the MHRA with respect to events that occurred prior to January 28, 2021 are time barred.

## STANDARD

A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Federal Rule 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citation omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

First, Defendant moves to dismiss Plaintiff's claims of sex discrimination and retaliation under Title VII. To establish a prima facie case of sex discrimination, Plaintiff must prove she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations;

2

suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 461 (8th Cir. 2010). Defendant argues Plaintiff cannot meet the third element, adverse employment action, which is defined as a tangible change in working conditions that produces a material employment disadvantage. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Defendant states minor changes in working conditions with no reduction in pay or benefits do not constitute adverse employment actions. *Jones v. Fitzgerald*, 285 F.3d 705, 713 (8th Cir. 2002).

To state a prima facie case of retaliation, Plaintiff must establish the following: (1) she engaged in protected activity; (2) Defendant took an adverse employment action against her; and (3) there exists a causal connection between the protected activity and the adverse action. *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 917 (8th Cir. 2007).

Defendant cites to numerous cases in support of its motion to dismiss, including cases from the 7th, 10th, and 11th circuits, in which a court granted summary judgment to defendants in employment cases. However, the motion pending before this Court is a motion to dismiss, not a motion for summary judgment, and the Court accepts Plaintiff's allegations as true in determining whether Plaintiff has alleged enough to proceed on her claims. The Court finds she has. Whether Plaintiff may ultimately prevail on her claims, including whether she suffered an adverse employment action, will be determined after evidence has been presented. As a result, the Court **DENIES** Defendant's motion to dismiss and finds Plaintiff has pled enough to proceed on her claim.

Defendant also moves to dismiss Count II on the same basis. As a result, the Court **DENIES** the motion to dismiss for the same reasons stated above, including that whether Plaintiff

3

can ultimately provide evidence of an adverse employment action is not the issue before the Court. Rather, Plaintiff has pled enough to state a claim to survive a motion to dismiss.

In addition, Defendant moves to dismiss any claims in Count II arising out of acts prior to January 28, 2021 stating they are outside the jurisdiction of the MHRA based upon the date of the Charge of Discrimination. In Plaintiff's response she "agrees that all acts prior to January 28, 2021 are outside the jurisdiction of the MHRA."[1] However, Plaintiff states that all acts after January 28, 2021 are actionable. Further, the parties disagree regarding what evidence can be used to support a claim of discrimination, and/or retaliation, including consideration of conduct that may represent an ongoing employment practice. As a result, the Court finds Plaintiff's specific claims that are time barred can be further resolved after consideration of the evidence and the determination of what evidence, if any, may be considered as ongoing employment practices having a cumulative effect or whether such evidence is simply a discrete and separate act that does not represent discrimination or retaliation. As a result, the Court **DENIES** making a specific finding regarding Defendant's Motion to Dismiss, but acknowledges the parties agree certain claims are time barred based on the date of the Charge of Discrimination.

## CONCLUSION

Wherefore, for the reasons set forth herein the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: August 15, 2022

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] The promotion to general manager position occurred in October 2020.